IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIRAM CHRISTIAN, ID # 498523,          ) | |
|        Petitioner,          ) | |
| vs.          ) | No. 3:03-CV-1363-K |
|       ) | |
| DOUGLAS DRETKE, Director,          ) | |
| Texas Department of Criminal          ) | |
| Justice, Correctional Institutions Division,          ) | |
|        Respondent.          ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On November 17, 1988, a jury convicted petitioner of aggravated sexual assault of a child under the age of fourteen in Cause No. F88-84171-HVH. *See* S.H. Tr.[1] at 35. The court of appeals affirmed his conviction on direct appeal on November 29, 1989. *See Christian v. State*, No. 05-88-01375-CR, slip. op. (Tex. App. – Dallas Nov. 29,1989, pet. ref'd). On

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte Christian*, No. 22,568-01, slip op. (Tex. Crim. App. Aug. 28, 1991).

June 13, 1990, the Texas Court of Criminal Appeals refused his petition for discretionary review. (*See* Certification attached as Ex. A to Prelim. Resp.)

On April 25, 1991, petitioner filed his first state petition seeking habeas relief. *See* S.H. Tr. at 1. The Texas Court of Criminal Appeals denied that petition on August 28, 1991. *See Ex parte Christian*, No. 22,568-01, slip op. at 1 (Tex. Crim. App. Aug. 28, 1991). On January 9, 2003, petitioner filed a second state petition seeking habeas relief. *See* S.H. Tr II[2] at 2. The Texas Court of Criminal Appeals denied the second petition on May 14, 2003. *See Ex parte Christian*, No. 22,568-02, slip op. at 1 (Tex. Crim. App. May 14, 2003).

Petitioner filed the instant petition on June 14, 2003, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner first claims that he is held unlawfully because the prosecution failed to produce physical evidence (DNA) to support the guilty verdict. (Pet. Writ of Habeas Corpus (Pet.) at 7.) He next claims that TEX. CODE CRIM. PROC. ANN. art. 38.07 was amended in 1993 to reduce the quantum of evidence needed to obtain a conviction and thus violates the Constitutional prohibition on ex post facto laws.[3] (*Id.*; Mem. Supp. at 1, 5-6.) In a related claim, petitioner claims that the State failed to produce corroborating testimony to support the verdict.[4] (Pet. at 7.)

---

[2] "S.H. Tr. II" denotes the state habeas records attached to *Ex parte Christian*, No. 22,568-02, slip op. (Tex. Crim. App. May 14, 2003).

[3] The alleged ex post facto violation appears to be misstated because the amendment came after petitioner's conviction and was not applied to his case.

[4] The statute in effect at the time of petitioner's offense required no corroboration of testimony of the victim "if the victim was younger than 14 years of age at the time of the alleged offense." TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 1983), *accord Carmell v. Texas*, 529 U.S. 513, 517 (2000).

On March 2, 2004, respondent filed a preliminary response wherein he seeks to dismiss the instant action for the failure of petitioner to file it within the statutory period of limitations. (*See* Prelim. Resp. at 3-7.)  On March 25, 2004, petitioner filed objections to that response. (*See* Objection.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right

under subparagraph (C).[5] Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A), the date petitioner's conviction became final, or (D), the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

### A. Finality of Conviction

In this case, petitioner appealed his conviction, the Texas Court of Criminal Appeals refused his petition for discretionary review on June 13, 1990, and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) upon the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review; in this instance, that date was September 11, 1990. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's state judgment of conviction thus became final on September 11, 1990.

---

[5] In his objections to the preliminary response filed in this action, petitioner relies on *Carmell v. Texas*, 529 U.S. 513 (2000) for the proposition that he has a right to re-open his appeal under a new Texas law that was enacted in 1993. In *Carmell*, the Supreme Court addressed whether TEX. CODE CRIM. PROC. ANN. art. 38.07, as amended in 1993, violated the ex post facto clause of the United Stated Constitution when applied in that case. *Carmell* recognized no new constitutional right that is retroactively applicable to cases on collateral review. Consequently, that case does not commence the limitations period. The Court notes that even if it accepted petitioner's argument that the May 1, 2000 ruling in *Carmell* had commenced the limitations period, such acceptance would not change the ultimate conclusion in this case that the instant federal petition is untimely. Petitioner waited more than thirty months after the *Carmell* ruling before he filed his second state habeas petition on January 9, 2003, and more than three years before he filed the instant action on June 14, 2003.

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

B.     **Factual Predicate**

With regard to subparagraph (D) of § 2244(d)(1), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. At the time of his trial in 1989 petitioner would have known what evidence was presented against him to support the guilty verdict.[6] At that time, he would also have known whether the State produced corroborating testimony at trial.[7] With respect to his claims related to the 1993 statutory

---

[6] That petitioner may not have had DNA testing available at his trial, (*see* Pet. ¶ 22), does not alter the sufficiency of evidence inquiry.

[7] As already mentioned, under the law in effect at the time of petitioner's offense, the State did not have to corroborate the testimony of a victim who was under the age of fourteen, as was the case here, at the time of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 1983), *accord Carmell v. Texas*, 529 U.S. 513, 517 (2000).

5

amendment, he would have known, or should have known through the exercise of due diligence, the factual basis for such claims well before expiration of his grace period in April 1997.

Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's June 14, 2003 filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also*, *Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

#### A.  Statutory Tolling

In this instance, petitioner filed one state writ which was resolved prior to the expiration of the above-mentioned grace period.  Such filing does not statutorily toll the limitations period.  Petitioner filed his second state application in January 2003, after the statutory limitations and grace period had already expired.  Accordingly, the statutory tolling provision does not save the federal petition filed in June 2003.  The filing should be deemed untimely in the absence of equitable tolling.

**B. <u>Equitable Tolling</u>**

In his objections to the preliminary response filed in this action, petitioner argues that the Court should equitably toll the limitations period because "despite all due diligence" he was "unable to present new law or obtain vital information bearing on the existence of his claim." (Objection at 2.) He further argues that the 1993 amendment to Texas law somehow prevented him in some extraordinary way from asserting his rights. (*Id.*) He also asserts that he "is a layman at law, and cannot present the knowledge in law that would clearly show the unseen wrong in his conviction." (*Id.*)

In *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) the Fifth Circuit Court of Appeals held, "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

Petitioner provides no adequate basis for equitably tolling the limitations period. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder*, 204 F.3d at 172. Additionally, neither unfamiliarity with the legal process, whether "due to illiteracy or any other reason", nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Moreover, as already mentioned, the Fifth Circuit Court of Appeals has concluded that a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. It found that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling." *Id.* Despite petitioner's objections to the preliminary response filed in this action, the Court does not find that petitioner acted with due diligence in bringing the instant action. He filed the action nearly ten years after the statutory amendment upon which he bases much of the action. He did not file his second state petition until nearly six years after his grace period expired. He took more than thirty months to file that state petition after the *Carmell* decision, and more than three years after that decision to file the instant federal petition. Without adequate explanation for these lengthy delays, the circumstances of this case are not extraordinary enough to qualify for equitable tolling. Petitioner has exercised insufficient diligence to warrant equitable tolling. He has not cleared the high hurdle of showing extraordinary circumstances beyond his control that made

8

it impossible to file his petition on time. Consequently, equitable tolling is not warranted in this case.[8]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 18th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] Although petitioner does not specifically assert actual innocence, he does raise a claim related to unavailable DNA testing. To the extent that his DNA claim can be construed as a claim of actual innocence, the Court notes that such a claim "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder*, 204 F.3d at 171 & n.8. In addition, petitioner has not shown himself to be actually innocent. The assertion of such claim encumbers petitioners with a heavy burden:
> To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Petitioner has presented nothing to show his actual innocence. Nor has he shown that any DNA testing would exonerate him. For these reasons, the claim related to DNA testing does not provide a basis for finding petitioner actually innocent or for equitably tolling the limitations period.

it impossible to file his petition on time. Consequently, equitable tolling is not warranted in this case.[8]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 18th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] Although petitioner does not specifically assert actual innocence, he does raise a claim related to unavailable DNA testing. To the extent that his DNA claim can be construed as a claim of actual innocence, the Court notes that such a claim "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder*, 204 F.3d at 171 & n.8. In addition, petitioner has not shown himself to be actually innocent. The assertion of such claim encumbers petitioners with a heavy burden:
> To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Petitioner has presented nothing to show his actual innocence. Nor has he shown that any DNA testing would exonerate him. For these reasons, the claim related to DNA testing does not provide a basis for finding petitioner actually innocent or for equitably tolling the limitations period.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE